UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

    Plaintiff,

v.

CASE NO. 2:06-CV-15235
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL J. KOMIVES

RUSSELL VITTITOW, ERICK BALCARCEL,
JAN TROMBLEY, CMS/MDOC DENTIST,
CMS, a corporation, JANE DOE #1-5, and
JOHN DOE #1-5,

    Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFF LEAVE TO SUPPLEMENT HIS
COMPLAINT AND STRIKING PLAINTIFF'S SUPPLEMENTAL COMPLAINT WITH
JOINDER OF PETITION FOR WRIT OF HABEAS CORPUS (docket #20)

I. OPINION

A. *Background*

Plaintiff Godfrey Cadogan is a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan. At the times relevant to this action, plaintiff was incarcerated at the Saginaw Regional Facility. Plaintiff commenced this action on November 27, 2006, by filing a *pro se* civil rights complaint. He brings claims, pursuant to 42 U.S.C. §§ 1983, 1985-86, alleging that defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments by providing inadequate dental care and denying his grievances relating to the dental care he was receiving. Plaintiff also brings state law claims of abuse of process, fraud, unlawful practice of dentistry, and malpractice. Plaintiff seeks injunctive and declaratory relief, as well as compensatory

1

and punitive damages.

On May 16, 2006, plaintiff filed a supplemental complaint with joinder of petition for writ of habeas corpus. For the reasons discussed below, the Court construes this pleading as a motion for leave to supplement the complaint, and as so construed the Court denies plaintiff's motion and orders the pleading stricken from the record.

B.  *Analysis*

Rule 15(a) provides that a party may amend its pleading once as a matter of course before a responsive pleading has been filed; once a responsive pleading has been filed however, amendment may be made only upon leave of court. *See* FED. R. CIV. P. 15(a). Here, defendant Corrections Medical Service (CMS) filed its answer on March 30, 2007, prior to plaintiff filing his supplemental complaint. Likewise, a party may file a supplemental pleading only with leave of court. *See* FED. R. CIV. P. 15(d). Thus, regardless of whether plaintiff's purported pleading is properly viewed as an amendment under Rule 15(a) or a supplement under Rule 15(d), plaintiff was required to obtain leave of court prior to filing the pleading. Because he failed to do so, the pleading is subject to being stricken. However, because plaintiff is proceeding *pro se*, the Court will liberally construe the pleading as a motion seeking leave to amend or supplement the complaint. As so construed, however, the Court will deny the motion.

Plaintiff seeks to add a habeas corpus claim challenging the validity of his conviction. This claim is wholly unrelated to the civil rights claims asserted in his complaint, which attach the adequacy of his dental care while incarcerated. While there may be some instances in which it is proper to pursue habeas corpus and § 1983 relief in the same action, as a general matter "in instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims

2

that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so[.]" *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). In light of the significant procedural differences between habeas and civil rights cases, and the fact that plaintiff's purported habeas claim is unrelated to his civil rights claims, the Court declines to permit plaintiff to introduce his habeas claims in this action. If plaintiff wishes to pursue habeas relief, he may do so by filing a separate petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the Rules Governing Habeas Corpus Actions in the United States District Courts. *See Jackson v. Warden, West Monroe County Jail*, No. 06-1425, 2006 WL 4041524, at *2 (W.D. La. Oct. 23, 2006); *Syrovatka v. Pickett*, No. C-94-20269, 1995 WL 419748, at *2 (N.D. Cal. July 10, 1995)

II. ORDER

In view of the foregoing, it is ORDERED that plaintiff's supplemental complaint is construed as a motion for leave to file such complaint and, as so construed, is hereby DENIED. It is further ORDERED that the Clerk STRIKE plaintiff's supplemental complaint with joinder of petition for writ of habeas corpus (docket #20). This Order is without prejudice to plaintiff filing a separate application for the writ of habeas corpus.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

Dated: 8/13/07

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 13, 2007.

                                  s/Eddrey Butts
                                  Case Manager