UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

      Plaintiff,

      v.

ROBERT VITTITOW, ERICK BALCARCEL,
JAN TROMBLEY, CMS/MDOC DENTIST,
CMS, a corporation, JANE DOE #1-5, and
JOHN DOE #1-5,

      Defendants.
_____/

CASE NO. 06-CV-15235
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON: (1) DEFENDANTS VITTOTOW, BALCARCEL, AND TROMBLEY'S MOTION TO DISMISS (docket #11); DEFENDANT CMS'S MOTION FOR SUMMARY JUDGMENT (docket #18); and PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (docket #25 & #27)**

I.    RECOMMENDATION: The Court should: (1) grant the motion of defendants Vittitow, Balcarcel, and Trombley to dismiss; (2) grant CMS's motion for summary judgment; and (3) deny as moot plaintiff's cross-motion for summary judgment.

II.    REPORT:

A.    *Background*

Plaintiff Godfrey Cadogan is a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan. At the times relevant to this action, plaintiff was incarcerated at the Saginaw Regional Facility. Plaintiff commenced this action on November 27, 2006, by filing a *pro se* civil rights complaint. He brings claims, pursuant to 42 U.S.C. §§ 1983, 1985-86, alleging that defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments by

1

providing inadequate dental care and denying his grievances relating to the dental care he was receiving. Plaintiff also brings state law claims of abuse of process, fraud, unlawful practice of dentistry, and malpractice. Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages. The matter is currently before the Court on three dispositive motions: (1) defendants' Vittitow, Balcarcel, and Trombley's (MDOC defendants) motion to dismiss for lack of exhaustion (docket #11); (2) defendant CMS's motion for summary judgment (docket #18); and (3) plaintiff's cross-motion for summary judgment.

The MDOC defendants filed their motion to dismiss on January 24, 2007. They argue that plaintiff has failed to exhaust his administrative remedies with respect to his claims against them. Plaintiff filed a response on February 7, 2007. Plaintiff argues that his grievances encompass his claims against the MDOC defendants, and that he also exhausted by filing a request for a declaratory ruling under the Michigan Administrative Procedures Act. Defendants filed a reply on February 9, 2007, and plaintiff filed a surreply on February 20, 2007.

Defendant CMS filed its motion for summary judgment on May 2, 2007. CMS contends that it does not provide dental care services at the Saginaw Regional Facility. Because it had no role in plaintiff's dental treatment, CMS argues, it cannot be liable for any constitutional violations arising from that treatment. Plaintiff filed a combined response to both CMS's and the MDOC defendants' motions and a cross-motion for summary judgment on July 6, 2007, and again on July 18, 2007. Plaintiff argues that defendants' motions should be denied on the merits and because they failed to comply with his discovery requests. Plaintiff also seeks summary judgment in his favor on the claims raised in his supplemental complaint filed on May 16, 2006. CMS filed a reply on July 10, 2007. Plaintiff filed an amended response on August 9, 2007.

For the reasons that follow, the Court should grant defendants' motions and deny plaintiff's cross-motion.

B.  *Legal Standard*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell*

*Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C. *MDOC Defendants' Motion*

Although the MDOC defendants seek dismissal, the parties have included matters outside the pleadings in connection with the MDOC defendants' motion. Accordingly, I treat the motion as one for summary judgment. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). The MDOC defendants argue that plaintiff has failed to exhaust his administrative remedies with respect to them as required by 42 U.S.C. § 1997e(a). Plaintiff responds that he has grieved his dental care issue through the three step grievance process, and further that he exhausted his administrative remedies by filing a request for a declaratory ruling under Michigan's Administrative Procedures Act. The Court should conclude that there is no genuine issue of material fact with respect to whether plaintiff exhausted his claims against the MDOC defendants, and thus that the MDOC defendants are entitled to summary

4

judgment.

1. *Exhaustion Generally*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to properly exhaust a civil rights claim, a prisoner must comply with the prison system's "procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006). As the Supreme Court recently explained, the scope of a prisoner's obligation to exhaust is defined not by the PLRA itself, but by the prison's grievance procedures:

> [T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 127 S. Ct. 910, 922 (2007) (citations omitted).

Michigan provides for a three-step grievance procedure. A Step I grievance is directed to the Step I Grievance Coordinator at the facility in which the prisoner is incarcerated. If the prisoner

5

is dissatisfied with the Step I response, he may file a Step II appeal to the Warden of the facility. If the prisoner is again dissatisfied with the Step III response, he may file a Step III appeal to the Director of the Department of Corrections or her designee. *See* MICH. DEP'T OF CORRECTIONS POLICY DIRECTIVE 3.02.130(X), (DD), (HH) (effective Dec. 19, 2003).[1] The Policy Directive provides that a prisoner must include "the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.*, § (T).

    2.    *Analysis*

Here, plaintiff filed a grievance on May 1, 2006, which included seven pages of information relating to his requests for dental care, medical information relating to his condition, and the appropriate standards of dental care. The grievance was rejected pursuant to PD 3.02.130(T) for including extraneous information beyond the facts involved in the issue being grieved. *See* Compl., Ex. 3, Prisoner/Parolee Grievance Form. Plaintiff filed a Step II appeal, which was rejected on the same basis. *See id.*, Prisoner/Parolee Grievance Appeal Form. Plaintiff claims that he filed a Step III appeal, which has not been acted on by the Director. *See id.*, Ex. 4.

Plaintiff's grievance and related appeals are insufficient to exhaust his claims against defendants Vittitow, Balcarel, and Trombley, for two reasons. First, the grievance failed to comply with the requirement of PD 3.02.130(T) that the grievance recite only the facts and not any extraneous information, and was rejected on this basis. Plaintiff's grievance therefore failed to comply with the applicable procedural rules, "a precondition to bringing suit in federal court."

---

[1] The current version of the Policy Directive had been amended in respects not relevant here, and some paragraphs have been re-lettered. Throughout this Report, I cite to the Policy Directive effective December 19, 2003, in effect at the time plaintiff's claims accrued.

*Woodford*, 127 S. Ct. at 2384. Second, the grievance did not name the MDOC defendants nor assert plaintiff's claims against them. Plaintiff's claims against these defendants derive solely from their handling of his grievances, and allege that the MDOC defendants violated his First Amendment rights and the Privileges and Immunities Clause. Plaintiff's grievance and related appeals reflect only his problem with the adequacy of his care. He does not claim in any of the grievances that his rights are being violated by the grievance process itself, nor does he name any of the MDOC defendants–either by name or position–as the subject of his grievance. Plaintiff therefore failed to comply with PD 3.02.130(T), and he has failed to exhaust his administrative remedies under *Jones*. *See Edwards v. Burnett*, No. 05-73790, 2007 WL 1768770, at *2 (E.D. Mich. June 15, 2007) (Borman, J.).

In addition to his grievance, plaintiff contends that he exhausted his claims against the MDOC defendants by filing an administrative request for a declaratory ruling pursuant to the Michigan Administrative Procedures Act and MICH. ADMIN. CODE r. 791.1115. However, in order to exhaust under § 1997e(a), a prisoner must pursue his grievance through the prison's internal grievance process; pursuit of an alternative remedy is not sufficient. *See Thomas v. Woolum*, 337 F.3d 720, 734 (6th Cir. 2003), *abrogated on other grounds by Woodford*, 126 S. Ct. at 2384; *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). Thus, the Sixth Circuit has explicitly rejected the claim made by plaintiff here, explaining that

> a request for a declaratory ruling pursuant to the Michigan Administrative Code does not exhaust a prisoner's administrative remedies because "prisoners must exhaust the institutional grievance procedure, not some alternative remedy that is not designed to address prison conditions." Because filing a request for a declaratory ruling is not part of the MDOC's institutional grievance procedure, such action does not function as the exhaustion of administrative remedies required before the filing of a § 1983 suit.

7

*McKaye v. Burnett*, 104 Fed. Appx. 515, 517 (6th Cir. 2004) (citation omitted) (quoting *Ziegler v. Martin*, 47 Fed. Appx. 336, 337 (6th Cir. 2002)).[2]

Accordingly, the Court should conclude that there is no genuine issue of material fact with respect to whether plaintiff failed to exhaust his administrative remedies with respect to the MDOC defendants. Accordingly, the Court should grant the MDOC defendants' motion to dismiss, and grant summary judgment for the MDOC defendants on plaintiff's claims against them.[3]

    3.    *Need for Further Discovery*

Plaintiff also contends that summary judgment is premature, and that he needs further discovery to defend against dismissal on exhaustion grounds. However, plaintiff's discovery requests ask for legal authorities–copies of various Policy Directives and Administrative Rules–not for any factual information which would bear on whether he exhausted his administrative remedies. And, for the reasons explained above, the relevant legal authorities compel the conclusion that plaintiff has failed to exhaust his administrative remedies. Thus, the discovery sought by plaintiff

---

[2]Contrary to plaintiff's argument, nothing in *Woodford* or *Jones* calls into doubt the holding of *McKaye*. *Woodford* addressed only whether a grievance which was rejected on a procedural basis could suffice to establish exhaustion. And, as the Sixth Circuit has explained, *Jones* held that: (1) exhaustion is an affirmative defense; (2) the scope of the exhaustion requirement is determined by the state's grievance rules; and (3) a complaint raising exhausted and unexhausted claims is not subject to dismissal in its entirety. *See Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007). None of these holdings, nor the reasoning supporting them, addresses whether exhaustion may be achieved by following some procedure other than the internal grievance procedure, and thus they do not call into doubt the holdings of *McKaye* and *Ziegler*.

[3]In his amended response filed on August 9, 2007, plaintiff cites to *Jones v. Drew*, 221 Fed. Appx. 450 (7th Cir. 2007), and *Green v. Daley*, 414 F.3d 645 (7th Cir. 2005). Both of these cases discuss the liability of non-medical personnel in the handling of a prisoner's medical related grievances (and in ways which hurt, rather then help, plaintiff's claims). *See Jones*, 221 Fed. Appx. at 454 (non-medical personnel responding to grievances are entitled to rely on expertise of medical personnel); *Green*, 414 F.3d at 656 (same). Neither addressed the exhaustion issues raised by the MDOC defendants' motion to dismiss.

could not change the outcome of defendants' motion, and summary judgment therefore is not premature.

D.  *CMS's Motion*

In its motion, CMS contends that it is entitled to summary judgment because it has no role in the provision of dental services in Michigan prisons, including the Saginaw Regional Facility in which plaintiff was incarcerated when he allegedly was denied dental treatment. In support of this contention CMS submits the affidavit of Lisa Sweet-Brown, Manager of Operations–Michigan for CMS. Ms. Sweet-Brown avers that "CMS does not provide dental care services for the prison population at [Saginaw Regional Facility] and did not provide such services at the time alleged in Plaintiff's Complaint." Br. in Supp. of Def. CMS's Mot. for Summ. J., Ex. 1, ¶ 3.

There is no question that, if CMS was not responsible for dental care at the Saginaw Regional Facility, it cannot be liable for any constitutional deprivations arising from that care. *See Samuel v. First Correctional Medical*, 463 F. Supp. 2d 488, 495 (D. Del. 2006). However, plaintiff raises two arguments as to why summary judgment in favor of CMS is inappropriate at this time. The Court should conclude that each of these arguments is without merit.

First, plaintiff contends that further discovery is needed regarding the contract between CMS and the State of Michigan to determine whether, in fact, CMS was responsible for dental care. However, plaintiff offers nothing to show that such discovery would produce any evidence to contradict Ms. Sweet-Brown's affidavit. Where a party requests additional discovery in response to a summary judgment motion, the party must provide some basis for concluding that additional discovery will produce evidence which will defeat the motion; "a mere hope of the nonmoving party that more evidence will develop is insufficient to justify denying summary judgment." *Sanders v.*

*Quikstak, Inc.*, 889 F. Supp. 128, 132 (S.D.N.Y. 1995); *see also*, *Goodell v. Rehrig Intern., Inc.*, 683 F. Supp. 1051, 1054 (E.D. Va. 1988), *aff'd*, 865 F.2d 1257 (4th Cir. 1989).

Second, plaintiff argues that "CMS has vicarious/supervisor liability for its physicians['] and physician assistants['] failure to refer plaintiff to a dental specialist after health screening–even if CMS did not provide dental care services for MDOC." Pl.'s Memo. of Law in Supp. of Opp'n to Mot. for Summ. J., at 4. This argument fails for two reasons. First, there is no evidence that the prison doctors' failure to refer plaintiff to a dentist amounted to deliberate indifference because that failure did not preclude plaintiff from seeking dental care. It is true that dental services can be provided through "[r]eferral by an appropriate health care provider after assessment at intake, transfer into the facility, at the ambulatory care clinic or at the annual health screening." MICH. DEP'T OF CORRECTIONS POLICY DIRECTIVE 03.04.100(UU)(1). It is equally true, however, that dental services shall be provided through a "[p]risoner request for dental services," *id*. at § (UU)(2), and the Policy Directives explain the procedure for requesting dental services. *See* MICH. DEP'T OF CORRECTIONS POLICY DIRECTIVE 04.06.150(H). The health care request form referenced in PD 04.06.150 specifically requires a prisoner to state whether the request is for dental, medical, or mental health treatment, and plaintiff's own evidence establishes that he was capable of seeking distinctly dental treatment. *See* Pl.'s Br., Ex. A (health care request form seeking dental treatment). Thus, even if CMS medical personnel should have referred plaintiff for dental treatment, their failure to do so did not preclude dental treatment in any way. Thus, plaintiff cannot establish that they were deliberately indifferent to a serious medical need.

More importantly, CMS cannot, contrary to plaintiff's argument, be held vicariously liable for the actions of its employees. It is well established that liability in a § 1983 action cannot be

based on a theory of *respondeat superior*. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "To recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). Thus, for example, in the context of a municipality, a plaintiff cannot establish the municipality's liability unless he shows that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). This rule of municipal liability applies equally to private corporations that are deemed state actors for purposes of § 1983. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996); *see also*, *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (citing cases); *Dashley v. Correctional Med. Servs., Inc.*, 345 F. Supp. 1018, 1021 (E.D. Mo. 2004). Thus, "CMS, although clearly a state actor and therefore a proper party to this § 1983 action, cannot be held vicariously liable for the actions of its agents . . . . Hence, CMS's liability must . . . be premised on some policy that caused a deprivation of [plaintiff]'s Eighth Amendment rights." *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir. Mar. 26, 2001).

Here, plaintiff has offered nothing to show that the alleged failure of CMS physicians in Michigan prisons to refer him to a dentist for treatment in accordance with MDOC Policy Directives resulted from any policy of CMS. Plaintiff complains of discreet acts of failure to treat his condition by MDOC dentists, and discreet failures of CMS physicians to refer him for dental treatment. These allegations are insufficient to raise a genuine issue of material fact with respect to whether CMS was itself involved in the alleged deprivation of plaintiff's rights. *See Dashley*, 345 F. Supp. 2d at 1022.

Accordingly, the Court should grant CMS's motion for summary judgment.[4]

E. *Plaintiff's Cross-Motion*

Finally, plaintiff brings a cross-motion for summary judgment on the claims raised in his supplemental complaint. In a separate Order entered this date, I have found that the supplemental complaint was not properly filed, and that leave should not be granted to file the supplemental complaint. Accordingly, I have ordered that the supplemental complaint be stricken. This Order renders plaintiff's cross-motion for summary judgment moot, and the Court should deny the cross-motion for summary judgment on this basis.

F. *Conclusion*

In view of the foregoing, the Court should conclude that there are no genuine issues of material fact with respect to whether (1) plaintiff exhausted his claims against the MDOC defendants, and (2) CMS is liable for any constitutional violations relating to plaintiff's dental care. Accordingly, the Court should grant both the MDOC defendants' motion to dismiss and CMS's motion for summary judgment. The Court should also deny as moot plaintiff's cross-motion for summary judgment.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

---

[4]*Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007), upon which plaintiff relies in his amended opposition filed on August 9, 2007, does not compel a contrary conclusion. In *Meuir*, the court of appeals upheld the trial court's grant of summary judgment where there was no medical evidence submitted by the plaintiff to contradict the defendants' evidence that their treatment of his periodontal disease was adequate. While the defendants in that case had referred the prisoner to a dentist for dental care, nothing in that case suggests that the failure to refer to a dentist automatically constitutes deliberate indifference. And, more importantly as far as CMS's motion for summary judgment is concerned, nothing in *Meuir* speaks to the vicarious liability issue. Thus, the Eighth Circuit's decision in *Meuir* is inapplicable here.

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                      s/Paul J. Komives
                                                      PAUL J. KOMIVES
                                                      UNITED STATES MAGISTRATE JUDGE

Dated: 8/13/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 13, 2007.
>
>                         s/Eddrey Butts
>                         Case Manager