**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GODFREY CADOGAN,

    Plaintiff,                                   Case No. 06-CV-15235

v.                                                   HONORABLE DENISE PAGE HOOD

RUSSELL VITTITOW, ERICK BALCARCEL,
JAN TROMBLEY, CMS/MDOC DENTIST,
CMS, a corporation, JANE DOE #1-5, and
JOHN DOE #1-5,

    Defendant.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, GRANTING CMS'S MOTION FOR SUMMARY JUDGMENT AND DENYING AS MOOT PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

**I.    Introduction**

This matter is before the Court on Plaintiff's *pro se* civil rights complaint, brought pursuant to 42 U.S.C. §§ 1983, 1985-86, alleging that defendants violated his First, Fourth, Eighth, and Fourteenth Amendments by providing inadequate dental care. Plaintiff further claims that his grievances concerning his dental care were inappropriately denied, and brings state law claims of abuse of process, fraud, unlawful practice of dentistry, and malpractice. Plaintiff seeks injunctive relief, as well as compensatory and punitive damages.

The matter is currently before the Court on three dispositive motions: (1) Defendants' Vittitow, Balcarcel, and Trombley's motion to dismiss for lack of exhaustion (docket #11); defendant CMS's motion for summary judgment (docket #18); and (3) plaintiff's cross-motion for summary judgment.

**II.     Standard of Review**

Although the MDOC defendants seek dismissal under 42 U.S.C. § 1997(e)(a), both parties have included matters outside the pleadings in connection with the motion. Therefore, this Court will treat the motion as motion for summary judgment. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hendrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

To create a genuine issue of material fact the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex Corp.*, U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Furthermore, "the existence of a mere scintilla of evidence is support of the non-moving party's position will not be

sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F. 3d at 613.

**III.    Law & Analysis**

The MDOC defendants argue that plaintiff has failed to exhaust his administrative remedies with respect to them as required by 42 U.S.C. § 1997e(a). Plaintiff contends that he has pled his dental care issue through the three step grievance process, and has further exhausted his administrative remedies by filing a request for a declaratory ruling under Michigan's Administrative Procedures Act.

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

To properly exhaust a civil rights claim, a prisoner must comply with the prison system's "procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006). The Supreme Court recently explained that the scope of a prisoner's obligation to exhaust is defined not by the PLRA itself, but by the prison's internal grievance procedures:

> To properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself.

*Jones v. Bock*, 127 S. Ct. 910, 922 (2007) (citations omitted).

Michigan provides a three-step grievance process. A Step I grievance is directed to the Step I Grievance Coordinator at the facility in which the prisoner is incarcerated. The prisoner may appeal the Step I response by filing a Step II appeal to the Warden of the same facility. The prisoner may then appeal the Warden's Step II ruling by filing a Step III appeal to the Director of the Department of Corrections or her designee. *See* MICH. DEP'T OF CORRECTIONS POLICY DIRECTIVE 3.02.130(X), (DD), (HH) (Effective Dec. 19, 2003).

In this case, plaintiff filed a grievance on May 1, 2006, including seven pages of information relating to his requests for dental care, medical information, and detailing the appropriate standards of dental care. The grievance was rejected pursuant to PD 3.02.130(T) for including extraneous information, going beyond the scope of the issue being grieved. Plaintiff then filed a Step II appeal, which was rejected on the same basis. *See id.* Plaintiff claims that he has filed a Step III appeal, which has yet to be acted upon by the Director. *See id.*, Ex. 4.

Plaintiff's grievance is insufficient to constitute exhaustion against defendants Vittitow, Balcarcel, and Trombley for two reasons. First, the grievance has failed to comply with the PD 3.02.130(T) requirement that the grievance recite only the facts and not any extraneous information, and was properly rejected on this basis. Plaintiff's failure to comply with the applicable procedural rules is fatal, as it has been deemed "a precondition to bringing suit in federal court." *Woodford,* 127 S. Ct. at 2384. Second, the grievance did not name the MDOC defendants nor assert plaintiff's claims against them. Plaintiff's claims against the MDOC

4

defendants derive solely from their handling of the specific grievance, and plaintiff invokes the First Amendment and Privileges and Immunities Clause. This is problematic as plaintiff's grievance and related appeals concerned his problems with the adequacy of his care, not any problems with the actual process itself. Furthermore, the MDOC defendants are never named as the subject of his grievance at any step of the grievance process. Plaintiff has failed to comply with PD 3.02.130(T), and has failed to exhaust his administrative remedies under *Jones*. *See Edwards v. Burnett*, No. 05-73790, 2007 WL 1768770, at *2 (E.D. Mich. June 15, 2007) (Borman, J.).

Plaintiff points to his filing an administrative request for a declaratory ruling, pursuant to the Michigan Administrative Procedures Act and MICH. ADMIN. CODE r. 791 1115 as satisfying the exhaustion requirement. In order to exhaust under § 1997e(a), a prisoner must pursue his grievance through the prison's own internal grievance process; pursuit of an alternative remedy is not sufficient. *See Thomas v. Woolum,* 337 F. 3d 720, 734 (6th Cir. 2003), *abrogated on other grounds by Woodford*, 126 S. Ct. At 2384; *Freeman v. Francis*, 196 F. 3d 641, 644 (6th Cir. 1999). The Sixth Circuit has explicitly rejected the claim made by plaintiff here by stating that "a request for a declaratory ruling pursuant to the Michigan Administrative Code does not exhaust a prisoner's administrative remedies because "prisoners must exhaust the institutional grievance procedure, not some alternative remedy that is not designed to address prison conditions." *McKaye v. Burnett,* 104 Fed. Appx. 515, 517 (6th Cir. 2004) (Citation omitted) (quoting *Ziegler v. Martin*, 47 Fed. Appx. 336, 337 (6th Cir. 2002)).

This Court concludes that there is no genuine issue of material fact with respect to whether plaintiff exhausted his claims against the MDOC defendants, and that the MDOC

5

defendants are entitled to summary judgment.

Plaintiff's request for further discovery does not preclude this Court's decision to grant summary judgment. Plaintiff's discovery requests include requests for various legal authorities, and not for any factual information relevant to whether he exhausted his administrative remedies, and as such his request is denied, as it will not change the outcome of the defendant's motion.

In its motion, CMS contends that it is entitled to summary judgment due to the fact that it is undisputed that they have a role in the provision of dental services in Michigan prisons, including the Saginaw Regional Facility in which plaintiff is incarcerated. Plaintiff has requested discovery in response to the summary judgment motion, however that too must be denied as "a mere hope of the nonmoving party that more evidence will develop is insufficient to justify denying summary judgment." *Sanders v. Quikstak, Inc.*, 889 F. Supp. 128, 132 (S.D.N.Y. 1995); *see also, Goodell v. Rehrig Intern., Inc.*, 683 F. Supp. 1051, 1054 (E.D. Va. 1988), *aff'd*, 865 F.2d 1257 (4th Cir. 1989).

Plaintiff's argument of vicarious liability for its physicians' failure to refer the plaintiff to a dental specialist after health screening fails as well, as CMS cannot be held vicariously liable for the actions of its employees. In the context of a municipality, a plaintiff cannot establish the municipality's liability unless he shows that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). This rule of liability applies equally to private corporations that are deemed state actors for purposes of § 1983. *See Street v. Corrections Corp. Of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996); *see also, Dubbs v. HeadStart, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003)(citing cases); *Dashley v. Correctional Med. Servs., Inc.,* 345 F. Supp. 1018, 1021 (E.D. Mo. 2004).

6

Lastly, plaintiff brings a cross-motion for summary judgment on the claims raised in his supplemental complaint. In a separate order by Magistrate Judge Paul J. Komives it was found that the supplemental complaint was not properly filed, and that leave should not be granted to file the supplemental complaint, and accordingly it has been stricken. The Order renders plaintiff's cross-motion for summary judgment moot, and this Court denies the cross-motion for summary judgment on this basis.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul Komives dated August 13, 2007 **(Docket No. 35)** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

IT IS ORDERED that Defendants Vittitow, Balcarcel, and Trombley's Motion to Dismiss **(Docket No. 11, filed January 24, 2007)** is GRANTED.

IT IS FURTHER ORDERED that CMS's motion for summary judgment **(Docket No. 18, filed May 2, 2007)** is GRANTED and Plaintiff's cross-motion for summary judgment be denied as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Objection to Report and Recommendation **(Docket No. 38, filed September 4, 2007)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED.

Dated: September 30, 2007              s/ DENISE PAGE HOOD
                                       DENISE PAGE HOOD
                                       United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record and Godfrey Cadogan, Reg. No. 244652, P. O. Box 2987, 3225 John Conley Drive, Lapeer, MI 48446 on October 1, 2007, by electronic and/or ordinary mail.

                                       S/William F. Lewis
                                       Case Manager